IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARGO STRICKLAND; JAN
LISHMAN; and DEBBIE HOLMAN;
individually and on behalf of a class
of all other similarly situated individuals         PLAINTIFFS

v.        Civil No. 4:13-cv-4030

VISIBLE MEASURES COPORATION         DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Remand (ECF No. 15) filed on behalf of Plaintiffs Margo Strickland, Jan Lishman, and Debbie Holman ("Plaintiffs"). Defendant Visible Measures Corporation ("Visible Measures") has responded. (ECF No. 22). Plaintiffs have replied. (ECF No. 23). Plaintiffs have also filed a Notice of Supplemental Authority in support of their Motion to Remand. (ECF No. 27). Visible Measures has responded to the Notice of Supplemental Authority. (ECF No. 28). The Court finds the matter ripe for consideration.

BACKGROUND

On September 6, 2011, Plaintiffs filed this class in the Circuit Court of Miller County, Arkansas. On December 6, 2011, Plaintiffs filed their First Amended Complaint. In their First Amended Complaint, Plaintiffs claim that Visible Measures engaged in the improper placement of "Flash Cookies" onto computers in violation of Arkansas statutory and common law.

Plaintiffs allege that they have incurred damages due to the economic expense associated with the professional removal of the "Flash Cookies." Specifically, in their First Amended Complaint, Plaintiffs allege their damages include "[t]he damages resulting from and the cost necessary to hire a computer consultant to identify and remove 'Flash Cookies' placed on

1

Plaintiffs' and Class Members' computers." Additionally, Plaintiffs' First Amended Complaint contains a stipulation that the class will not seek damages in an amount in excess of $5,000,000.

The First Amended Complaint preceded the United States Supreme Court's March 19, 2013 opinion in *Standard Fire Ins. Co. v Knowles*, __ U.S. __, 133 S. Ct. 1345, 185 L. Ed. 2d 439 (2013). In *Knowles*, the Supreme Court held that stipulations, like the one in Plaintiffs' First Amended Complaint, do not prevent removal under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). *Id.* Without the benefit of the *Knowles* decision, Visible Measures assumed the stipulation effectively prevented federal jurisdiction and did not remove the case at that time. Thus, litigation proceeded in state court.

Throughout the course of the state court litigation, the parties engaged in numerous discovery disputes. However, in early 2013, the parties agreed to a series of depositions. Specifically, on February 20, 21, and 22, Visible Measures deposed Plaintiffs. In Plaintiffs' depositions, Plaintiffs disclaimed free online services that could delete the "Flash Cookies" from class members' computers and specified that they seek damages for hiring a computer consultant to remove the "Flash Cookies."

Following the depositions, on March 22, 2013, Visible Measures filed a Notice of Removal asserting federal jurisdiction pursuant to CAFA. Plaintiffs then filed the instant Motion to Remand. Plaintiffs argue that this Court lacks jurisdiction because Visible Measures untimely removed the action.

## DISCUSSION

"CAFA provides the federal courts with original jurisdiction to hear a class action if the class has more than 100 members, the parties are minimally diverse, and the matter in controversy exceeds the sum or value of $5,000,000." *Knowles*, 133 S.Ct. at 1348 (quotations

omitted).  A defendant seeking to remove under CAFA must file a "notice of removal . . . within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." *See* 28 U.S.C. § 1446(b)(1).  "If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3).

Visible Measures asserts that it timely removed the action under 28 U.S.C. § 1446(b)(3) because it filed a Notice of Removal within thirty days following Plaintiffs' February depositions.  Specifically, Visible Measures asserts that it "ascertained for the first time at the depositions" that Plaintiffs seek damages for hiring a computer technician and reject free online-based services to remove the "Flash Cookies."  (ECF No. 22).  Without the option of online-based services, Visible Measures contends the amount in controversy exceeds $5,000,000.  Plaintiffs assert that their First Amended Complaint filed on December 6, 2011, notified Visible Measures that they seek damages for hiring a computer consultant; thus, Plaintiffs argue, Visible Measures should have removed the case upon receipt of that complaint.

The Court agrees with Plaintiffs.  The Eighth Circuit has held that the time limit under § 1446(b) begins running upon receipt of a complaint "when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdiction amount." *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000).  In their First Amendment Complaint filed on December 6, 2011, Plaintiffs allege that their damages include "[t]he damages resulting from and the cost necessary to hire a computer consultant to identify and remove 'Flash Cookies' placed on Plaintiffs' and Class Members' computers." (ECF No. 4).  Thus, the December 6, 2011 complaint "explicitly

disclose[d]" to Visible Measures that Plaintiffs are seeking computer technician damages. *See Willis*, 228 F.3d at 897. Even though the complaint does not explicitly disclaim the online-based services, Visible Measures knew by December 6, 2011, that damages for the computer consultant were in controversy. Accordingly, because Plaintiffs' First Amended Complaint filed December 6, 2011, explicitly seeks damages for hiring a computer technician and Visible Measures chose not to remove at that time, removal on that ground over a year later is untimely.

Visible Measures argues that the damages stipulation in Plaintiffs' First Amended Complaint made removal futile prior to the Supreme Court's decision in *Knowles*. In other words, Visible Measures argues that because Plaintiffs filed their amended complaint prior to *Knowles* and some courts within the Eighth Circuit upheld the effectiveness of damages stipulations at that time, the stipulation prohibited removal. The Court finds this argument unpersuasive. Despite the Eighth Circuit authority pre-*Knowles*, defendants continued to remove cases to this Court challenging damages stipulations. *See Goodner v. Clayton Homes, Inc.*, No. 4:12-cv-4001, 2012 WL 3961306, at *1 (W.D. Ark. Sept. 10, 2012); *Basham v. Am. Nat. Cnty. Mut. Ins. Co.*, No. 4:12-cv-4005, 2012 WL 3886189, at *1 (W.D. Ark. Sept. 6, 2012). For example, in *Basham*, the defendants removed a class action complaint containing a damages stipulation to this Court on January 17, 2012. *Basham*, 2012 WL 3886189, at *1. Even though this Court initially remanded the *Basham* case due to the damages stipulation, the Eighth Circuit vacated the remand in light of the *Knowles* decision. *See id.*; *Basham v. Am. Nat. Cnty. Mut. Ins. Co.*, No. 12-8018, 2013 WL 7144182, at *1 (8th Cir. April 12, 2013). Subsequently, this Court reconsidered the plaintiffs' motion to remand and denied it. *Basham v. Am. Nat. Cnty. Mut. Ins. Co.*, No. 12-8018, 2013 WL 5755684, at *8 (W.D. Ark. Oct. 23, 2013). The case is now pending

before this Court. *See id.* Clearly, as evidenced by *Basham*, removal prior to the *Knowles* decision was neither prohibited nor futile.[1]

Judge Holmes recently came to a similar conclusion in *Roller et. al. v. TV Guide Online Holdings, LLC*, No. 5:13-CV-05214 (W.D. Ark. Jan. 22, 2014). Like Visible Measures, the defendant in *Roller* argued that a stipulation in an amended complaint prohibited removal prior to the Supreme Court's decision in *Knowles*. *Id.* at 4. Judge Holmes disagreed and stated that the defendant "could have and should have removed [the] case" upon service of the amended complaint because "the law at that time was not so well-settled as to prevent even an attempt at removal." *Id.* at 6. Visible Measures argues that *Roller* is distinguishable from the instant case because the *Roller* defendants' removal period expired before the Eighth Circuit denied the appeal in *Knowles* challenging the damage stipulation. In other words, Visible Measures argues that because the Eighth Circuit denied the *Knowles* appeal during its removal period, it was prohibited from removing the case.[2] However, the *Basham* case refutes Visible Measures's argument. The *Basham* defendants removed their class action after the Eighth Circuit denied the *Knowles* appeal.

---

[1] In its brief, Visible Measures cites *Ackerberg v. Johnson* for the proposition that a litigant is not required "to engage in futile gestures merely to avoid a claim of waiver." 892 F.2d 1328, 1333 (8th Cir. 1989). In *Ackerberg*, the defendants did not file a motion to compel arbitration despite an arbitration agreement. *Id.* at 1332. At the time the complaint was filed, the issue was controlled by the Supreme Court's decision in *Wilko v. Swan*, 346 U.S. 427 (1953), which prohibited arbitration in the defendants' case. However, after the complaint was filed, the Supreme Court reversed *Wilko* in *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989). After *Rodriguez*, the defendants moved to compel arbitration. *Id.* at 1331. The plaintiff argued that the defendants waived their right to arbitration by not filing a motion to compel arbitration and by participating in the litigation process. *Id.* The Eighth Circuit disagreed reasoning that any motion to compel arbitration prior to *Rodriguez* would have been futile based on the Supreme Court's decision in *Wilko*. *Id.* at 1332. The Court finds *Ackerberg* distinguishable from the instant case. In *Ackerberg*, Supreme Court precedent prohibited arbitration at the time the complaint was filed. In this case, at the time Plaintiffs filed their complaint, the Supreme Court had not ruled on the effectiveness of damages stipulations to prevent federal jurisdiction.

[2] The Eighth Circuit denied the petition for permission to file an interlocutory appeal in *Knowles* on January 4, 2012. *Knowles v. Standard Fire Ins. Co.*, No. 11-8030, 2012 WL 3828891, at *1 (8th Cir. Jan. 4, 2012). In this case, Plaintiffs' removal period based on the First Amended Complaint expired on January 5, 2012. *See* 28 U.S.C. § 1446(b)(3).

5

In the alternative, Visible Measures argues that removal is timely under 28 U.S.C. § 1446(b)(3) based on the *Knowles* decision. Specifically, Visible Measures argues that the Supreme Court's decision in *Knowles* was an "order" that triggered removal under § 1446(b)(3). However, the Eighth Circuit has explicitly declined to treat a decision in a separate case with different parties as an "order" triggering removal in *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 969 (8th Cir. 2007)

In *Dahl*, the Eighth Circuit stated that "it would be an unsupported stretch to interpret 'order' to include a decision in a separate case with different parties." *Id.* The *Dahl* defendant asked that Eighth Circuit to adopt the approach of the Third and Fifth Circuits', which treat judicial opinions from other cases as basis for recommencing the removal period. *See id*; *Green v. R.J. Reynolds Tabaco Co.*, 274 F.3d 263, 268 (5th Cir. 2001); *Doe v. Am. Red Cross*, 14 F.3d 196, 202-03 (3d Cir. 1993). However, the Eight Circuit declined to do so. *Dahl*, 478 F.3d at 969. The Eighth Circuit pointed out that the *Doe* and *Green* courts expressly limited their holdings to the unusual circumstances presented in those cases. *Id.* at 970. In both *Doe* and *Green*, the defendants were parties in the cases before the courts as well as the separate cases that generated the decision. *Id.* The defendant in *Dahl* was not a party to the separate case. *Id.* Thus, the Eighth Circuit reasoned, *Doe* and *Green* were not applicable. *Id.*

The Court finds this case comparable to *Dahl* and unlike the circumstances in *Doe* and *Green*. Here, like in *Dahl*, Visible Measures is not a party to the *Knowles* case. Visible Measures argues that even though it is not a party to *Knowles*, the cases are related because Plaintiffs' counsel in this case represented the *Knowles* plaintiffs and both cases concern the damages stipulations. The Court finds Visible Measures's argument unpersuasive. Even though the cases contain the same counsel and similar issues, none of the parties in the *Knowles* case are

6

parties to this case. Accordingly, because *Knowles* is a separate case with different parties, the Court finds that Supreme Court's decision in *Knowles* did not trigger removal under § 1446(b)(3) in this case.

## CONCLUSION

For the reasons stated above, the Court finds that Plaintiffs' Motion to Remand (ECF No. 15) should be and hereby is **GRANTED**. The case is remanded to the Circuit Court of Miller County, Arkansas, for further proceedings.

**IT IS SO ORDERED**, this 25th day of March, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge